## Krol v. Insurance Company of North America

*Stephen A. Cozen* and *Francis E. Marshall,* for plaintiffs.

*Richard Shusterman* and *Theodore W. Flowers,* for defendant.

*John P. McKelligott* and *Norman Paul Harvey,* for additional defendants.

KALISH, J., March 21, 1973.—Plaintiffs instituted suit to recover approximately $3,000,000 for fire damage sustained to St. Monica's Church in Philadelphia under the provisions of defendant's policy of insurance.

Defendant denied owing the said sum and filed a complaint against additional defendants, an architect and a contractor, averring that they should be joined in the suit pursuant to Pennsylvania Rule of Civil Procedure 2252(a) because they either grossly underestimated the cost of modifications and improvements, or negligently proceeded to perform work on a cost plus basis, the vast majority of which they knew, or should have known, would not be covered by the insurance policy in question; or, in the alternative, negligently or intentionally misinformed plaintiff that the policy covered the modifications and improvements when they knew, or should have known, it could not be covered; or, in the alternative, in violation of their duty to plaintiff, negligently and/or in violation of their contract with plaintiff, indicated to plaintiff that repairs and modifications were necessary when, in fact, the same were not necessary to restore the premises to its condition prior to the fire in question.

Plaintiff and additional defendants filed preliminary objections in the nature of a demurrer to the complaint of original defendant. The essentials of the demurrer are that the complaint fails to state a claim or cause of action upon which relief can be granted as a matter of law and that defendant's attempted joinder of additional defendants is improper under the rules.

Generally, the complaint alleges that additional defendants either negligently, in violation of their duty to plaintiff, or intentionally misinformed plaintiff that the insurance policy covered the modifications and improvements to be made in the building.

While an architect and a contractor owe a duty to perform with reasonable care, the duty is owed to that person or persons who have a right to rely on it. The complaint alleges either negligent or intentional misrepresentations to plaintiff by additional defendants.

Certainly, defendant could not be deceived by these statements because defendant had no right to rely on these representations nor was he justified in so doing. There is no allegation that defendant insurance company relied on the knowledge and statements of additional defendants and in such a manner that they were either persuaded to make no independent investigation or that it was so situated that it could not reasonably do so.

Assuming that additional defendants acted negligently or intentionally misinformed plaintiff, what damages would defendant sustain? The issue involved in the case is the replacement cost less depreciation and the amount of fire loss. This will be determined at trial by the fact-finder and not by the architect or contractor and at a trial where testimony which the defendant produces will be in evidence.

Assuming a cause of action, defendant relies on Incollingo v. Ewing, 444 Pa. 263, 267 (1971). There, the court allowed the joinder of two physicians as additional defendants on the theory that the alleged liability of the additional defendants was sufficiently related to plaintiff's charge, thus giving a wide interpretation of "cause of action." In that case, the original defendant, a druggist, allegedly provided the drug without a prescription. He was permitted to join the physician who prescribed the antibiotic in disregard of its possible side effects and the drug manufacturer who allegedly failed to warn of the possible dangerous effects of the drug.

In the instant case, if plaintiff has an action against additional defendants, it would be for causing them to make improvements over and above what would be necessary to replace the damage and restore the property in the condition that it was in prior to the fire. But certainly, defendant's liability does not depend on that

determination. These are two separate and unrelated actions and incidents: one on an insurance policy, the other on misrepresentations.

For these reasons, the preliminary objections are sustained.